IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JODI E. GRIFFITH and MATTHEW GRIFFITH,
her husband, and T.G., J.G., and A.G.,
minors who sue by and through their
mother and next friend, JODI E. GRIFFITH,

    Plaintiffs,

v.                                               Civil Action No. 5:13CV65
                                                          (STAMP)

DAVID LEROY WALKER, JR.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND
AND REMANDING CIVIL ACTION TO THE
CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA**

I.   Background

The above-styled civil action was filed in the Circuit Court of Marshall County, West Virginia. The complaint asserts claims for negligence and loss of consortium regarding a car accident in which the plaintiff, Jodi E. Griffith, was injured. The defendant, David Leroy Walker, filed an answer denying negligence and asserting the affirmative defenses of contributory negligence, comparative negligence, assumption of risk, estoppel, and failure to mitigate damages.

The defendant removed this case to this Court on the basis of diversity jurisdiction, claiming that the parties are citizens of different states and that the amount in controversy in the case exceeds $75,000.00, exclusive of interest and costs. The plaintiffs then filed a motion to remand, which claims that diversity jurisdiction is lacking because the defendant has failed

to demonstrate that the amount in controversy exceeds the jurisdictional amount of $75,000.00, exclusive of interest and costs. The parties have fully briefed the motion, and they are now ripe for the consideration of this Court. For the reasons that follow, this Court will grant the plaintiffs' motion to remand.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the

plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III. Discussion

In their motion to remand, the plaintiffs assert that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interest and costs. The burden of establishing that the amount in controversy exceeds the jurisdictional amount rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins, 861 F. Supp. at 23. In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether

the amount in controversy satisfies the jurisdictional minimum. Id.

After carefully reviewing the complaint and the parties' memoranda, this Court concludes that the defendant has not satisfied its burden of proof and that the value of the plaintiffs' claims may exceed $75,000.00, exclusive of interest and costs. The plaintiffs' complaint does not make a total damages demand, but instead leaves the determination of damages to be conducted by the finder of fact. Unspecified damages requested in the complaint include damages for multiple permanent injuries; annoyance and inconvenience; mental and emotional anguish; and a diminishment in Ms. Griffith's day-to-day activities (past and future). The defendant asserts that the plaintiffs have refused to stipulate to limit their damages to $75,000.00 and that such action demonstrates that the amount in controversy exceeds $75,000.00. ECF No. 10 *4. The defendant also argues that similar cases, handled by plaintiffs' counsel, should be used to estimate the damages that may arise from this case. Id. at *6.

However, this Court finds that these assertions by the defendant amount to an attempt to shift the burden to the plaintiffs and mere speculation as to the amount in controversy.

To reiterate, the party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey, 29 F.3d at 151. Further, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase,

110 F.3d at 428. This Court thus cannot consider the plaintiffs' lack of stipulation as a concession that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The plaintiffs do not carry the burden of proving that the amount exceeds $75,000.00; the burden is carried by the defendant. In addition, the stipulation request was proposed by the defendant on June 24, 2013, after the petition for removal was filed on May 21, 2013. This assertion by the defendant therefore fails.

As this Court has noted a number of times, removal cannot be based upon speculation and "bare allegation[s] that the amount in controversy exceeds $75,000." See Asbury-Casto v. Glaxosmithkline, Inc., 352 F. Supp. 2d 729, 731 (N.D. W. Va., 2005); and Haynes v. Heightland, 2006 U.S. Dist. LEXIS 19194 *3 (N.D. W. Va. 2006). With regard to claims for which the plaintiffs make no specific damages demand, a removing defendant must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice. See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 737 (4th Cir. 2009) (unpublished) (finding that amount in controversy not shown when defendant "has put forth no evidence of its own to support [the claimed amount in controversy, but] rather, has only presented a conjectural argument"). The defendant's arguments fail to meet this burden.

The only actual evidence of the amount in controversy presented by the defendant are similar cases handled by the plaintiffs' counsel. However, this evidence is insufficient to

5

show that the plaintiffs' damages will be the same as those in the cases cited by the defendant.  Although this Court is free to use amounts awarded in similar cases, without more, the defendant's bare assertions lead to legal uncertainty.  See Scaralto v. Ferrel, 826 F. Supp. 960, 962 (2011) (stating that the court may consider "amounts awarded in similar cases" in determining the amount in controversy).[1]

Accordingly, for the reasons noted above, this Court finds that the defendant has failed to satisfy its burden of showing, through a preponderance of actual evidence of the same, that the amount in controversy in this case is above $75,000.00, exclusive of interest and costs.  This Court thus lacks subject matter jurisdiction, and must remand this case to the Circuit Court of Marshall County.

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is GRANTED.  This matter is hereby REMANDED to the Circuit Court of Marshall County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.  Pursuant to

---

[1] If the defendant uncovers evidence through the discovery process that brings to light new facts that justify removal under the amount in controversy theory, within a year of the filing of this lawsuit, the defendant may file a second notice of removal. 28 U.S.C. §§ 1446(b), 1446(c), 1447, 1447(c).

Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 27, 2013

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE